# Commonwealth, ex rel., Lowell, *v.* Hoyt, Appellant.

*Public officers—Inspectors of weights and measures—Constitutional law—Constitution of Pennsylvania, Art. VI, Sec 4—Act of July 24, 1913, P. L. 960—Validity.*

1. The office of inspector of weights and measures created by the Act of May 11, 1911, P. L. 275, as amended by the Act of July 24, 1913, P. L. 960, is an office within the meaning of Article VI, Section 4, of the Constitution of Pennsylvania, providing that "appointed officers......may be removed at the pleasure of the power by which they shall have been appointed."

2. The Act of July 24, 1913, P. L. 960, in so far as it provides that inspectors of weights and measures cannot be removed by the power which appointed them except for the causes specified in the act, violates Article VI, Section 4, of the Constitution of Penn-

sylvania, and is void, and inspectors of weights and measures may
be removed by the county commissioners without cause shown.

Argued April 19, 1916. Appeal, No. 117, Jan. T.,
1916, by defendant, from judgment of C. P. Clearfield
Co., May T., 1916, No. 29, of ouster in quo warranto pro-
ceedings, in case of Commonwealth of Pennsylvania, ex
relatione Thomas J. Lowell, v. J. S. Hoyt. Before
BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING,
JJ. Affirmed.

Quo warranto to determine respondent's right to ex-
ercise the office of Inspector of Weights and Measures for
the County of Clearfield.

The facts appear in the following opinion of BELL,
P. J.:

First. On the 29th day of December, 1915, J. S. Hoyt
was and had for sometime prior thereto been in the em-
ploy of Clearfield County Poor District as steward of the
county home of said county, but had not been in the em-
ploy of the County of Clearfield directly, the position
held by him being one to which he was elected by the
county commissioners of Clearfield County acting in
their capacity as the officers in charge of the said poor
district.

Second. On the said date the board of county commis-
sioners was composed of J. S. Richards, W. C. Langsford
and H. L. Bowman, whose term of office expired on the
first Monday of January, 1916.

Third. On said date J. S. Hoyt was elected to the
office of inspector of weights and measures in and for
Clearfield County by the board of county commissioners
of said county, and thereafter on the same day resigned
his position as steward of the said county home.

Fourth. On the 31st day of December, 1915, he quali-
fied as inspector of weights and measures as aforesaid,
by taking and filing his oath of office as required by law,
and subsequently received the proper equipment from

the bureau of weights and measures and began the exercise of the duties of his office.

Fifth. On the first Monday of January, 1916, Jesse E. Dale, H. H. Spencer and Austin Haney became the board of county commissioners of Clearfield County.

Sixth. On January 31, 1916, the board of county commissioners of said county requested the resignation of J. S. Hoyt as inspector of weights and measures of Clearfield County, by the following notice:

"To J. S. Hoyt:

"It appears by the records of the office of county commissioners, that on the 29th day of December, 1915, you were appointed to the office of inspector of weights and measures for the County of Clearfield. You are hereby notified that the county commissioners desire to accept your resignation, and if you refuse to resign, proper steps will be taken for your removal. To that end you are hereby notified to appear before the board of county commissioners on Monday, the 7th day of February, 1916, at 9 o'clock a. m., at which time the said commissioners will act upon the question of your removal for the following reasons:

"First, because at the time of your appointment you was in the employ of Clearfield County, and were not eligible to the office of inspector of weights and measures.

"Second, because it is the desire of the county commissioners to exercise the power vested in them by the Constitution of the State of Pennsylvania to remove you from office as they believe it to be for the good of the public service. By order of the board,

"L. C. NORRIS, Clerk."

Seventh. On February 7, 1916, a hearing was had, at which the respondent was present and represented by counsel, immediately after which hearing the commissioners passed the following resolutions:

"Resolved, That after hearing and due consideration of the matter of the removal of J. S. Hoyt, inspector of

weights and measures, that the said J. S. Hoyt, be, and he is hereby removed and dismissed from said office.

"Resolved, That Thomas J. Lowell, be, and is hereby appointed to fill the office of inspector of weights and measures for Clearfield County at a salary of $1,000.00 per year and expenses as the law provides."

Eighth. Said Thomas J. Lowell made a demand upon the said J. S. Hoyt for the surrender of the various papers and all other property in his possession officially as inspector of weights and measures, which was refused by the said J. S. Hoyt.

Ninth. That the evidence at said hearing did not establish that the said J. S. Hoyt was guilty of inefficiency, incapacity, conduct unbecoming employees or other just cause within the meaning of the first section of the Act of July 24, 1913, P. L. 960.

Tenth. The said evidence did not establish that the said J. S. Hoyt had been in the employ of the County of Clearfield.

Eleventh. The evidence did establish that the said J. S. Hoyt had been in the employment of the Clearfield County Poor District, being elected steward of the county home by the county commissioners of Clearfield County as the officers having charge of the affairs and business of said poor district.

### FINDINGS OF LAW.

First. The appointment of J. S. Hoyt as inspector of weights and measures in and for Clearfield County, by the board of county commissioners on December 29, 1915, was a legal exercise of the powers vested in said commissioners.

Second. Upon the respondent duly qualifying, by taking and filing his oath of office on December 31, 1915, he legally became the inspector of weights and measures in and for Clearfield County.

Third. The office of inspector of weights and measures

is within the meaning of Article VI, Section 4, of the Constitution of Pennsylvania, and the inspector of weights and measures in and for Clearfield County is subject to removal under the said section "at the pleasure of the power by which they shall have been appointed."

Fourth. The provision of the first section of the Act of July 24, 1913, which reads as follows:

"The County and City Inspectors of Weights and Measures as appointed by the respective counties and cities, shall hold their office during good behavior, and shall not be removed, discharged or reduced in pay or position, except for inefficiency, incapacity, conduct unbecoming employees or other just cause," together with the remaining portion of the section relative to removal, is in conflict with the fourth Section of Article VI, of the Constitution, and is void.

Fifth. The removal of the respondent by the board of county commissioners on February 7, 1916, was a valid exercise of power.

Sixth. Thomas J. Lowell is the legally constituted and appointed inspector of weights and measures in and for Clearfield County and is entitled to perform the duties and enjoy the emoluments of said office.

### DISCUSSION.

By the Act of April 15, 1834, P. L. 524, still in force, and subsequent legislation, standards of weights and measures have been fixed in Pennsylvania, with divers provisions compelling compliance with these standards. By the Act of April 15, 1845, Section 2, P. L. 444, copies of the original standards were to be transmitted to the county commissioners of any county upon application being made by said commissioners, and by the fifth section the governor was authorized to appoint one sealer of weights and measures for the City of Philadelphia, one sealer for the County of Philadelphia, and one sealer

for each county which obtained copies of the standards; which sealers were paid by fees payable by the several dealers using weights and measures. "Said sealers of weights and measures shall hold their offices three years, unless sooner removed by the governor." By the Act of April 14, 1859, P. L. 633, the Act of 1845, was repealed as to Clearfield County, and was also by several acts repealed as to many other counties. This subject was considered in the Constitutional Convention, and by a large vote Article III, Section 27, was adopted, as follows: "No State office shall be continued or created for the inspection or measuring of any merchandise, manufacture or commodity, but any county or municipality may appoint such officers when authorized by law." By several acts provisions have been made for the inspection of divers commodities in various parts of the State, and by the Act of June 26, 1895, P. L. 386, it is provided: "The Governor of this Commonwealth shall appoint such number of inspectors as may be designated by the County Commissioners in the cities of the first and second class," with certain drastic provisions as to inspection, etc.; but it was not until the Act of May 11, 1911, P. L. 275, an attempt was made to impose upon all the counties the office of inspector of weights and measures. No more conclusive evidence of the popular regard in which this position is held could exist than that it has become so odious and evidently useless that the people took pains to imbed into the Constitution a section forbidding the State to create these inspectors, and though it was provided that the legislature could authorize any county or municipality to so appoint, such legislation was not passed as to the whole State for nearly forty years. The court greatly regrets that it is not in its power to prevent the existence of this office (the only serious demand for it is the demand for the place); but this is foreign to the question pending. The Act of 1911, following the Constitution, merely authorized "the several Boards of County Commissioners" "to appoint such number of

competent persons as inspectors of weights and measures
as they may deem proper," with such compensation as the
commissioners should fix.   The next step was the Act of
July 24, 1913, P. L. 960, which undertook to make ap-
pointment compulsory.   "The several Boards of County
Commissioners shall" "appoint one or more competent
persons as inspectors of weights and measures" "whose
salary shall be no less than a thousand dollars per
annum" and expenses.   This is a queer piece of legis-
lation.   Under the guise of an amending act it recites
and modifies each section of the Act of 1911 in important
particulars.   It undertakes to compel the counties to
create this office, though the Constitution restricts the
legislature to a mere authorization of such appointment,
and, if this act is in force, according to its terms there
has been imposed on this county an officer who will hold
the place for life, if he chooses and is of good behavior,
who cannot be removed by the will of the appointing
power, except for the causes specified in the act, and who
possesses drastic and far-reaching powers, which he may
continue to exercise regardless of their uselessness or
the public discontent.

In the case at bar there is nothing which will justify
the conclusion that the respondent was not validly ap-
pointed or that he was ineligible to the position; he is
well known to the court as an active, efficient man, of
good character, with the requisite intelligence and fair-
ness.   A single legal question is presented:  Had the
board of county commissioners, on February 7, 1916,
the power of removal?   Upon the answer turns this case.
The Constitution of Pennsylvania, Article VI, Section 4,
is in part:  "Appointed officers, other than judges of the
courts of record and the superintendent of public in-
struction, may be removed at the pleasure of the power
by which they shall have been appointed."   Is the inspec-
tor an "office" within the meaning of this section?   This
involves a consideration of the powers and duties of the
inspector.   The Act of 1913 defines his duties and grants

to him powers of summary and extensive character. Originally these inspectors were appointed by the governor, and the past and present inspectors may be compared about as follows:

| GOVERNOR'S INSPECTORS. | PRESENT INSPECTORS. |
|---|---|
| Term, three years. | Permanent during good behavior. |
| Removable at pleasure. | Only for limited causes. |
| Compensation, fees. | Minimum salary. |
| Payable by dealers. | By public. |
| Powers limited. | Greatly increased. |

Judged by every standard the present inspectors should be ranked decidedly higher in the scale than those formerly appointed by the governor.

That the position is an office is plain. An examination of many definitions fails to disclose a single one which would not so describe this place. That it is a public office is quite as certain; exercising only duties and powers defined by legislation, acting for the protection of the general public, paid out of the public funds, and occupying a position which concerns a part of the sovereign power of the State, the place is one which needs no citation of decisions to establish that it is a public office. The Constitution calls the position an office (see Article III, Section 27) and the incumbents officers, and the Act of 1913, says "shall hold their office." Were such positions in the minds of the framers of the Constitution when they drew Article VI, Section 4? That they were in contemplation during the framing of the Constitution plainly appears from Article III, Section 27, and an examination of the debates of the Constitutional Convention shows that the exact question was discussed relative to Article VI, Section 4. The sentence relative to removal of appointive officers was in the constitutional draft as reported, and on motion of Mr. Buckalew was referred to the Committee on Revision, with direction to

strike it out; this being done the article was again
brought before the convention, when Hon. Harry White
moved to amend by restoring the omitted sentence,
which, after debate, was done by a decisive vote.   Mr.
Buckalew pointed out that this sentence made a radical
change in the law, but the convention decided to make
the change and the very class of officer now considered
was specifically mentioned.   Mr. White saying, in his
address, "The Governor has the appointing power of a
number of officers......and all over the Commonwealth
sealers of weights and measures and other officers of that
kind."   The conclusion is inevitable that this position is
an office within the meaning of Article VI, Section 4, of
the Constitution.

That the Act of 1913 is ineffective to abrogate or
abridge the constitutional provision. needs neither au-
thority nor argument and scarcely requires reference.
"The constitutional right of the appointing power to
remove at pleasure cannot be abridged by an act pro-
viding for removal. in a certain way or for a certain
cause."   Am. & Eng. Ency. of Law, Vol. 23, page 431.
It is entirely settled that when the Constitution has
declared the grounds or mode of removal the legislature
had no power to authorize removal for any other reason
or in any other mode; it cannot provide additional
causes, restrict or lessen the causes, or alter the method.
On this subject there is no substantial difference in the
decisions of the various states and we are not without
judicial authority in Pennsylvania.

In Seltzer v. Fertig, 237 Pa. 514, 516, it was held that
an assistant clerk of the Orphans' Court is an officer
within the meaning of Section 4 of Article VI, of the
Constitution, because "the office is expressly recognized
by the Constitution and its duties involved the keeping
of the records of the court, the handling of public mon-
eys, the granting of marriage licenses and the issuing of
the processes in the name of the court.   The proper dis-
charge of these duties call for the exercise of prudence

and discretion." On the same day as the passage of the Act of 1913, relative to the appointment of inspectors of weights and measures, there was approved another act, entitled "An Act defining commodities, regulating the sale thereof and providing penalties for violation hereof," P. L. 965, by the first section of which it is enacted that the word "commodity" shall be taken to mean any tangible personal property sold or offered for sale. Section 9 is as follows: "It shall be the duty of the proper city and county inspectors of weights and measures to enforce the provisions of this act." If what was already clear needed confirmation, it would be found in this act, and it cannot seriously be contended that a place such as the inspector of weights and measures is not a public office, and for reasons heretofore stated it is equally clear that the incumbent is an officer within the meaning of Article VI, Section 4.

The court entered judgment of ouster against the respondent. Respondent appealed.

*Error assigned* was the judgment of the court.

*A. M. Liveright* and *John G. Johnson,* with them *David L. Krebs, Jr., Hazard A. Murray, Thos. H. Murray* and *James P. O'Laughlin,* for appellant.

*A. H. Woodward* and *A. L. Cole,* with them *H. B. Hartswick,* for appellee.

Per Curiam, May 15, 1916:

The judgment in this case is affirmed on the opinion of the learned president judge of the court below directing it to be entered.