# Commonwealth ex rel., Appellants, *v.* Moore.

*Public officers—Registration commissioners—Increase of salaries—Constitutional law—Acts of July 24, 1913, P. L. 977, and July 19, 1917, P. L. 1108.*

Registration commissioners appointed under the Act of July 24, 1913, P. L. 977, are public officers within the meaning of Section 13, Article III, of the Constitution, and are thereby deprived of the right to receive an increase of salary under the Act of July 19, 1917, P. L. 1108, passed after they were appointed to office.

Argued October 16, 1919. Appeal, No. 78, Oct. T., 1919, by plaintiffs, from judgment of Superior Court April T., 1918, No. 151, affirming order of C. P. Allegheny Co., Oct. T., 1917, No. 1245, dismissing petition for mandamus in case of Commonwealth ex rel. L. R. Goshorn, David L. Lawrence, J. Scott Morgan, and W. L. McCullough, Registration Commissioners for the City of Pittsburgh, v. John P. Moore, Controller of Allegheny County. Before Brown, C. J., Moschzisker, Frazer, Walling and Simpson, JJ. Affirmed.

Appeal from judgment of Superior Court.

Henderson, J., filed the following opinion:

The appellants are registration commissioners of the City of Pittsburgh, appointed by the governor July 16, 1916, for a term of four years under the provisions of the Act of 1913, P. L. 977. The act fixed the salary of such officers at $2,000 per year. By an amendment enacted in 1917, P. L. 1108, the salary was increased to $3,000 per annum. The question for consideration is whether the appellants are public officers within the

meaning of Section 13 of Article III of the Constitution, which prohibits the increase of salaries of public officers during their term of office. The learned judge of the court below being of the opinion that they were such public officers overruled the demurrer of the relators to the return of the respondent and entered judgment in favor of the latter.

It is contended by the appellants that the provision of the Constitution referred to does not apply to legislative offices created since the adoption of the Constitution of 1874, and that the legislature is given full power to increase the compensation of such officers by the amendment of 1901 to the Constitution. It was decided in Ritchie v. Phila., 225 Pa. 511, that the term "public officers" is not restricted merely to officers who exercise important public duties, and the ruling in that case is a sufficient answer to the contention of the plaintiff that a constitutional provision only has reference to officers then in existence. The term, "public officers," is descriptive of many officials whose positions were created by legislature subsequently to the adoption of the Constitution of 1874. Where the duties of the office are to be exercised for the benefit of the public for a stipulated compensation to be paid by the public, where the term is definite and the tenure certain and where the powers, duties and emoluments become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer within the meaning of the Constitution: Ritchie v. Phila., supra; Com. ex rel. v. Moffitt, 238 Pa. 255.

The case of Com. v. McCombs, 56 Pa. 436, cited by the appellants, brought into consideration the 9th section of the 6th article of the Constitution then in force relating to the tenure of office. The article was held to be simply a condition of tenure and not a prohibition of anything which the legislature attempted to do by the Act of February, 1867, creating an assistant dis-

trict attorney. The section involved in this case is prohibitory and applies to all public officers of the Commonwealth. If the appellants are public officers their case is within the prohibition of the Constitution. We have no doubt that they are such officers. They were appointed by the governor for a fixed term; they are authorized to appoint registrars for the election districts of the cities in which they are appointed; they supervise the work of these registers; they pass on the qualification of electors; they are required to keep a record in permanent form of all their proceedings; they make an annual report to the governor and have power to administer oaths. Their duties relate, therefore, to the determination of the right of electors of the city to vote and to the maintenance of the purity of elections. It can hardly be contended that such duties are not of the highest character and intimately related to the stability of our form of government.

The amendment of 1901 of the Constitution authorizing a change in the qualification of electors had no relation to the subject of compensation or of the power of the legislature to increase or diminish it. It only authorized the legislature to enact laws regulating the registration of electors in cities.

The judgment is affirmed.

The Superior Court affirmed the order of the lower court. Plaintiff appealed.

*Error assigned* was judgment of the Superior Court.

*Charles A. Poth,* for appellants.

*John S. Weller,* for appellee, was not heard.

PER CURIAM, January 5, 1920:
Nothing can be added to the concise and clear opinion of the Superior Court, affirming the judgment of the

court below, and, on that opinion, this appeal is disposed of.

Judgment affirmed.