## Arthur, Appellant, *v.* Philadelphia et al.

*Public officers—Dismissal—Municipalities—Cities of first class— Director of public works—Discretion—Chief of bureau of city property—Act of June 25, 1919, P. L. 581—Constitution, article VI, section 4.*

1. The director of public works in a city of the first class may, under the Act of June 25, 1919, P. L. 581, dismiss the chief of the bureau of city property for a cause not religious or political, but personal to the latter and affecting his public duties, if proper notice of the charges has been given in accordance with the act; and the court in mandamus proceedings cannot substitute its own discretion for that of the director in making the dismissal.

2. The chief of the bureau of city property in a city of the first class, is an appointed officer within the meaning of article VI, section 4, of the Constitution, and subject to removal at the pleasure of the power which appointed him.

Argued February 1, 1922. Appeal, No. 128, Jan. T., 1922, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1920, No. 9728, dismissing petition for manda-

mus, in case of John E. Arthur v. City of Philadelphia, J. Hampton Moore, Mayor, and Frank H. Caven, Director of Public Works. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition for mandamus. Before ROGERS, J.
The opinion of the Supreme Court states the facts.
Petition dismissed: 30 Pa. Dist. R. 676. Plaintiff appealed.

*Error assigned* was order, quoting it.

*J. Washington Logue,* with him *Francis Shunk Brown* and *William H. Kreider,* for appellant.

*M. A. Coyne,* with him *William J. Elliott,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellees.

OPINION BY MR. JUSTICE FRAZER, March 27, 1922:
Plaintiff was appointed chief of the bureau of city property by the director of public works in the City of Philadelphia. On May 12, 1920, he received notice from the director that on May 19th he would be dismissed for reasons set forth in the notice. Plaintiff replied denying the charges and after his dismissal he filed a petition for mandamus to compel reinstatement in office. The court below held that of the thirteen reasons given for dismissal but one was supported by the evidence, dismissing the petition, however, on the ground that plaintiff was an appointed officer, within the meaning of article VI, section 4, of the Constitution of Pennsylvania, and as such liable to dismissal at the pleasure of the person who appointed him.

The Act of June 25, 1919, P. L. 581, relating to the government of cities of the first class, provides in article VI for a department of public works and gives the direc-

tor of such department power to appoint an assistant director and "such other officers and employees as may be provided for by ordinance." Under this authority appellant was appointed chief of the bureau of city property. Section 2 of article XIX of the act provides that "the civil service of the city shall include all officers, positions and employments in or under such city or any departments, boards, or commissions thereof." Section 3 divides the civil service into classified and unclassified service. The offices included within the latter are specifically designated and do not include that to which plaintiff was appointed, consequently his office comes within a subsequent clause in the same section which provides that all positions and employments not specifically included in the unclassified service shall constitute the classified service. Plaintiff, accordingly, was an appointed officer in the classified service under the Act of 1919 and came within section 18 of article XIX, which provides that no officer or employee within that class "shall be removed, discharged or reduced in pay or position except for just cause which shall not be religious or political. Further, no such officer, clerk or employee shall be removed, discharged or reduced, except during the probationary period, until he shall have been furnished with a written statement of the reasons for such action and been allowed to give the removing officer such written answer as the person sought to be removed may desire. In every case of such removal or reduction, a copy of the statement of the reasons therefor and of the written answer thereto shall be furnished to the civil service commission and entered upon its public records."

The contention of appellant is, first, that the reasons given for his removal were not supported by the testimony. The findings of the court below show that in its opinion the court agreed with the director that at least one of the thirteen reasons given for dismissal was supported by the facts. However this may be, we find nothing in the Act of 1919 which confers upon the court the

right to substitute its discretion for the discretion of the department's director. The act gives to the director of the department absolute authority in his control over those whom he appoints, limited only by the provision that a dismissal must be for just cause, which cause must be for reasons personal to the employee and such as to render him unfit for the position he occupies: Truitt v. Phila., 221 Pa. 331. The pertinent provisions of the Act of May 23, 1907, P. L. 206, which contained provisions identical with those of the Act of 1919 here involved, were recently discussed in Thomas v. Connell, 264 Pa. 242, where we held (page 245) that "The evident purpose of the above provision is to prevent the removal of city employees through improper motives, by making the cause of removal a matter of public record. The act contains neither express provision for further proceeding or hearing, nor apparent intention to interfere with the discretion of the head of the department, so long as the cause of removal is just and not made for either religious or political reasons." And again on page 246: "What constitutes ample [just] cause for removal within the limits fixed by the act must necessarily be largely a matter of discretion on the part of the head of the department. To be sufficient, however, the cause should be personal to the employee and such as to render him unfit for the position he occupies, thus making his dismissal justifiable and for the good of the service."

In the present case the causes given for removal were such as seriously questioned the fitness of plaintiff for office, and, under the circumstances, the discretion of the court cannot be substituted for the discretion of the director.

We agree with the court below that plaintiff was an appointed officer within the meaning of article VI, section 4, of the Constitution, and subject to removal at the pleasure of the power which appointed him. In Houseman v. Com., 100 Pa. 222, in construing this provision of the Constitution, it was held the office of collector of de-

linquent taxes in the City of Philadelphia, fell within its provisions and such officer was subject to removal at the pleasure of the receiver of taxes, this court saying (page 231) : "It seems to us that we would be making rather than construing the Constitution if we should say that appointed municipal officers shall not be removable at the pleasure of the power which appointed them, when the plain unambiguous words of the instrument positively declare that all appointed officers shall be subject to such removal." In Com. v. Black, 201 Pa. 433, in discussing the question as to what constituted an appointed officer, this court, quoting from the opinion in Houseman v. Com., said (page 436) : "There are petty state officers and petty county officers and it may well be that it was not intended that any of these should be either subject to impeachment or to removal on address of two-thirds of the senate. But that consideration will not prove that an important municipal officer exercising grave public functions shall not be subject to removal at the pleasure of the power which appointed him."

Offices, the incumbents of which have been held to be appointed officers subject to removal at the pleasure of the appointing power, are assistant clerk of the orphans' court (Seltzer v. Fertig, 237 Pa. 514), treasurer of the school board (Com. v. Sulzner, 198 Pa. 502) and warden and matron of a prison : Brower v. Kantner, 190 Pa. 182.

The court below, in referring to the duties of plaintiff, said : "He is appointed by the director of public works with the consent of council, and gives security in the sum of $10,000 ; the department of markets and city property is placed under his bureau ; the commissioner, or chief, draws warrants to be approved by the director ; he takes charge of all police and fire stations, and maintains the City Hall ; he is charged with the renting and collecting of rents of all real estate belonging to the city in its own right, and as to much of such property he has the care of the same, and this includes rents from markets, landings, wharves, etc. ; he collects the interest on mortgages and

ground rents held by the city; he has care of the construction and repair of market houses and of the purchase of materials therefor; has control of the public bathhouses, the city arsenal on Race Street and the city armory on Broad Street, together with arms, etc.; the morgue; the removal of snow and ice from the fronts of many of the public properties is under his care; he appoints the superintendent of Independence Hall; designates places on the streets from which oysters may be sold; his bureau regulates the markets."

Applying the distinction illustrated by the cases above cited and considering the duties of plaintiff, it is apparent that as the head of the bureau of public property he was not a petty officer or employee of the department, but the head of an important subdivision of municipal government.

We are, accordingly, of the opinion that the Act of 1919, in so far as it regulates the right to dismiss officers in the classified service is limited, under the provision of the Constitution in question, to such as do not come within the expression "appointed officers" as used in article VI, section 4, which permits their removal at the pleasure of the appointing power and that the director of public safety was within his rights in removing plaintiff from his office for the reasons given.

The judgment is affirmed at the costs of appellant.

See also the next two cases.