## Patton v. Philadelphia, Appellant.

*Municipalities—Cities of the first class—Public employees—Dismissal—Notice—Act of June 25, 1919, P. L. 581.*

1. The manager of the electrical bureau of a city of the first class, may, under the Act of June 25, 1919, P. L. 581, be dismissed by the director of public safety, for a cause not religious or political, but personal to himself and affecting his public duties, if proper notice of the charges has been given to him.

2. Such notice is sufficient if it charges the employee with neglect of duty as shown in frequent and protracted absence during working hours, in permitting police patrol boxes and elevator signal service to remain in disrepair and unfit for use, and in negligence in and general disregard for the requirements of the position as manager of the electrical bureau.

3. The written statement of the reasons for dismissal are not required to specify time and place of inefficiency, neglect and absence with definiteness, if it is ample enough to inform of the nature of the offense with which the employee was charged.

Argued February 1, 1922. Appeal, No. 145, Jan. T., 1922, by defendant, from decree of C. P. No. 2, Phila. Co., June T., 1920, No. 9727, awarding writ of mandamus, in case of Price I. Patton v. City of Philadelphia, J. Hampton Moore, Mayor, and James T. Cortelyou, Director of Public Safety. Before MOSCHZISKER, C. J.,

FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Petition for writ of mandamus.   Before ROGERS, J.
The opinion of the Supreme Court states the facts.
Petition granted: 30 Pa. Dist. R. 649.   Defendants appealed.

*Error assigned* was order, quoting it.

*M. A. Coyne, William J. Elliott,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, for appellants.

*J. Washington Logue,* with him *Francis Shunk Brown,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 27, 1922:

Plaintiff was employed as manager of the electrical bureau in the department of public safety of the City of Philadelphia and as such was a classified employee within the provisions of article XIX, section 18, of the Act of June 25, 1919, P. L. 581, providing that no such officer or employee should be dismissed except for just cause, and after notice of the charges given.   On April 27, 1920, the director of public safety notified plaintiff of his discharge as manager because of frequent and protracted absence from his work and in permitting police patrol boxes and fire alarm boxes to remain in bad repair and unfit for use, and of general neglect of duty. Plaintiff filed an answer denying the charges and, after his dismissal, petitioned for writ of mandamus to secure reinstatement.   The court below, after hearing the evidence, concluded the notice to petitioner failed to meet the requirements of the Act of 1919, because the charges of inefficiency, neglect and absence did not specify time and place with sufficient definiteness to afford plaintiff an opportunity to enter a defense and that the removal

based on indefinite accusations, was improper, and ordered petitioner's reinstatement.

The section of the Act of 1919, above referred to, merely requires "a written statement of the reasons" for dismissal to be given. Without attempting to lay down a general rule, it is sufficient to say that a notice charging the employee with neglect of duty as shown in frequent and protracted absence from work during hours which should have been devoted to his duties, in permitting the police patrol boxes and elevator signal service to remain in disrepair and in such condition as to render them unfit for use, and in negligence in and general disregard for the requirements of the position as manager of the electrical bureau, is ample to inform of the nature of the offense with which the employee was charged. What was said in Sailer v. Philadelphia and Arthur v. Philadelphia [the preceding cases], filed herewith, with respect to the power of the court to review the discretion of the director in dismissing officers and employees, applies with equal force to the present case.

The judgment of the court below is reversed and the petition dismissed at the costs of appellee.