## Commonwealth ex rel. v. Cooper, Treasurer

*W. Hensel Brown* and *Guy K. Bard*, for relator.

*George T. Hambright* and *John E. Malone*, for respondent.

SCHAEFFER, J., February 28, 1938.—This is a quo warranto proceeding to determine the right to the office of Collector of School Taxes for the City of Lancaster for the current school year ending June 30, 1938.

The parties directly involved are August A. Krimmel, Jr., whose term of office as Treasurer of the City of Lancaster expired January 3, 1938, and Clyde H. Cooper, the present Treasurer of the City of Lancaster, who qualified and began his duties of office on January 3, 1938.

The facts are not in dispute and the authority of the incumbent city treasurer, Clyde H. Cooper, as collector

of city, county, and delinquent school taxes, is not questioned by relator.

Under The Third Class City Law of June 23, 1931, P. L. 932, sec. 2552, the city treasurer by virtue of his office is also the collector of school taxes for the City of Lancaster. On June 10, 1937, the school directors of the School District of the City of Lancaster, by resolution, authorized August A. Krimmel, Jr., relator, to collect the delinquent 1935 and 1936 school taxes, and by warrant dated June 24, 1937, to collect the school taxes for the current school year 1937 ending June 30, 1938. On January 3, 1938, the school directors revoked the resolution referred to with regard to the 1935 and 1936 delinquent school taxes, but took no action with reference to the warrant issued to relator to. collect the current 1937 school taxes. It is averred in respondent's answer that on or about January 3, 1938, relator turned over to respondent the tax duplicate for the 1937 school taxes together with all the other tax duplicates in relator's possession.

Since 1931 the legislature of this State has passed acts at each session in order to fix definitely the term of the collector of school taxes in cities of the third class. The legislation in that respect has caused some confusion as to its construction and application.

The Third Class City Law, supra, sec. 2567 (c), provides that the city treasurer, after the expiration of his term as city treasurer, "shall continue in office as the collector of school taxes until the end of the then current school year." During the 1933 session of the legislature two amendments to the Act of 1931 were passed. The first act of that session passed on April 27, 1933, P. L. 91, amends section 2556 of the Act of 1931, putting city treasurers acting as such tax collectors upon an annual salary, except those then in office, but provides:

"The city treasurer, upon the expiration of his term of office, shall surrender the unsatisfied tax duplicate or duplicates in his possession to his successor in office, who

shall collect the unpaid taxes charged therein and settle the duplicate or duplicates as provided by law."

The second act of that session passed May 22, 1933, P. L. 927, amends section 2567 of the Act of 1931, and retains the original provision by expressly providing that the treasurer at the expiration of his term shall continue in his office as the collector of school taxes until the end of the then current school year. This latter act was the one in force when August A. Krimmel, Jr., took office the first Monday in January, 1934. In 1935, another amendment was passed, being the Act of June 21, 1935, P. L. 363, which provides again that the city treasurer upon the expiration of his term of office shall surrender the unsatisfied tax duplicate, or duplicates, in his possession to his successor in office. The act provides, however, that this provision shall not affect city treasurers in office upon the effective date of the act. The last act amending the 1931 act is the Act of July 1, 1937, P. L. 2641, effective June 1, 1937. This act likewise provides that the city treasurer upon the expiration of his term of office shall surrender the unsatisfied tax duplicates in his possession to his successor.

The earlier Act of 1933, supra, is inconsistent with the later Act of 1933, supra, as to the term of the collector of school taxes in a city of the third class. In City of York v. Reynolds, 25 D. & C. 560, Judge Niles held these acts to be irreconcilable. In respondent's brief it is stated:

"It needs no citation of authorities to sustain the proposition that the latter of these two inconsistent amendments must govern, and that at the time Krimmel assumed office the law entitled him, at the expiration of his term as city treasurer, to continue in office as the collector of school taxes until the end of the then current school year. . . . The respondent, however, relies upon the Act of July 1, 1937, No. 510."

If statutes enacted at the same session of the legislature are absolutely inconsistent, the latter one repeals the former: Endlich on Interpretation of Statutes, p. 259,

sec. 188. Accordingly, when August A. Krimmel, Jr., took office in 1934, his term as collector of school taxes extended to July 1, 1938, under the Act of May 22, 1933, P. L. 927. His salary was fixed for that term according to statutory law: Act of April 27, 1933, P. L. 91. However, the question arises whether his term of office or his salary can be changed during his tenure of office. Article III, sec. 13, of the State Constitution provides:

"No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment."

In Suermann et al. v. Hadley, Treasurer, 327 Pa. 190, 198 (1937), it was decided that the legislature may diminish a term of office or curtail it, without offending article III, sec. 13, of the Constitution. In another case decided about the same time, Commonwealth ex rel. v. Clark et al., 327 Pa. 181, it is said at page 188:

"These acts are also violative of Article III, section 13. Here again the abolition of an office is not prohibited; clearly forbidden, however, is the diminution of an incumbent's salary or emoluments during the term if the office continues. This constitutional provision applies as well to statutory officers as to constitutional officers: *Com. ex rel. v. Moffitt*, 238 Pa. 255; *Com. ex rel. v. Moore*, 266 Pa. 100."

The main question for the court's determination is whether the city treasurer of a third class city, who is also ex officio collector of school taxes in such a city, is a public officer within the intendment of the constitutional prohibition referred to. In Finley v. McNair et al., 317 Pa. 278, Mr. Justice Linn said at page 281 that this " 'question must be determined by a consideration of the nature of the service to be performed by the incumbent, and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer charged with them is clearly to be regarded as a public one'. . . .

Other elements in the problem are whether the duties are designated by statute, whether the incumbent serves for a fixed period, acts under oath, gives a bond, and the source or character of the compensation received."

There are numerous decisions but the court will refer generally only to those which seem pertinent to the instant case. It has been held that the term "public officer" includes officers of a municipality: Finley v. McNair et al., supra. The following were held to be public officers: treasurer of third class school district, Muir v. Madden, 286 Pa. 233; township treasurer, Walker's Appeal, 44 Pa. Superior Ct. 145; chief of bureau of city property, Arthur v. Philadelphia et al., 273 Pa. 419; collector of delinquent taxes, Commonwealth ex rel. v. Connor, 207 Pa. 263; and real estate assessors, Richie v. Philadelphia, 225 Pa. 511. The cases distinguish such officers from subordinate ministerial agents or employes, like policemen, firemen, and others.

The fact that the City Treasurer of Lancaster City is also by virtue of his office the collector of school taxes does not prevent him from being a public officer in his capacity as collector of school taxes. In Tucker's Appeal, 271 Pa. 462, it was decided that county commissioners who are also directors of the poor in certain counties are as to such office public officers, and are within section 13, art. III, of the Constitution, which prohibits an increase or decrease in salary during their term of office.

The Act of 1937, supra, expressly states that it is an amendment of section 2556 of The Third Class City Law, supra, as last amended by section 2 of the Act of 1935, supra. The 1935 act admittedly is not applicable to the instant case as it provides:

"This act shall be in force in each city only as to city treasurers elected after the effective date of this act. In the case of city treasurers in office upon the effective date of this act, the laws in force prior to the adoption of this act shall continue, and for such purpose, the acts repealed

by this act shall be deemed to continue in force until this act is in complete operation in all cities of the third class."

The 1937 act relates primarily to a fidelity bond to be given by deputies, collectors, and assistants. It was passed during the term of August A. Krimmel, Jr., as city treasurer and collector of school taxes, and it was not the legislative intent to deprive a city treasurer who is ex officio collector of school taxes in a city of the third class of the salary which he was entitled to under the law as it existed when he began his term of office. Judge Niles in City of York v. Reynolds, supra, decided that the rights of the city treasurer as tax collector were fixed by the law when he took office. In Jones v. County of Northumberland, 120 Pa. Superior Ct. 132, it was held that where the city treasurer as collector of school taxes is elected, his salary is fixed as of the time of his election, and that a change thereof by subsequent legislation cannot be allowed during the term for which he had been elected, being within the prohibition of article III, sec. 13, of the Constitution of Pennsylvania. No change in the term or salary of August A. Krimmel, Jr., was made by the municipality or the school board. Respondent's position is that his status was changed by the Act of 1937. It is evident that the Act of 1937 in question is not binding on August A. Krimmel, Jr., as collector of school taxes, during the term for which he was elected, and that his salary fixed for that term prior to his election, according to law, cannot be increased or diminished during his term.

The court, therefore, concludes that the term of office of August A. Krimmel, Jr., as collector of school taxes, extends to July 1, 1938, the end of the current school year, under the Act of 1933, supra, which was the last amendment or act in force when he took office in 1934. While his term may be abridged under the law, he cannot be deprived of his salary fixed according to law for that term, provided he is a public officer within the purview of article III, sec. 13, of the Pennsylvania Constitution. The

court finds that August A. Krimmel, Jr., is such an officer.

The nature of the remedy, the decree, and the disposition of costs are fixed by decisions and act of assembly: Brinton et al. v. Kerr et al., 320 Pa. 62; Commonwealth ex rel. v. Blume, 307 Pa. 406; Act of June 14, 1836, P. L. 621, sec. 11.

And now, February 28, 1938, the court finds that Clyde H. Cooper, as city treasurer, is unlawfully holding or exercising the office of school tax collector for school taxes of the current school year and he shall be excluded from that office, privilege, or power as to said taxes until July 1, 1938. The authority of Clyde H. Cooper, the present city treasurer, to collect all other taxes is not in dispute and is not affected by this decision. The costs shall be paid by respondent.