Saar *v.* Hanlon et al., Appellants.

144

Argued March 1, 1948. Before RHODES, P. J., HIRT, ROSS, ARNOLD and FINE, JJ. (RENO and DITHRICH, JJ., absent.)

*David J. Reedy, Jr.,* Assistant City Solicitor, with him *James W. McNulty,* City Solicitor, for appellants.

*D. H. Jenkins,* with him *Jenkins & Ligi,* for appellee.

OPINION BY HIRT, J., July 23, 1948:

In April 1944 the Municipal Civil Service Commission of the City of Scranton advertised that a competitive examination for the position of plumbing inspector would be held on May 2, 1944. Charles William Saar, plaintiff in this action, had more than the necessary minimum qualifications for the position and in response to the notices of the Commission took the examination at the designated time and place. He passed "with an average of 95% and Rank No. 1" and on May 6, 1944 was notified of his appointment as plumbing inspector. Plaintiff thereafter performed the duties thereof according to law and the regulations of the

Department of Public Health until April 15, 1946, when his services were terminated by the newly elected mayor of the city by notice in writing. Since then plaintiff has been ready, able and willing to continue to perform the duties of plumbing inspector. He on May 1, 1946, petitioned in the instant proceeding for a writ of mandamus restoring him to his former duties and reinstating him as plumbing inspector. The issue was heard by the lower court on plaintiff's demurrer to the defendants' return and in the final order from which the defendants took this appeal, the demurrer was sustained and a peremptory writ issued as prayed for.

The appointment of a plumbing inspector in a city of the Second or Third Class (extended to Second Class A cities by the Act of June 15, 1939, P. L. 371, 53 PS 2551) was authorized by the Plumbing Code of June 7, 1901, P. L. 493, as amended. The controlling question in this appeal is whether the position of Municipal Plumbing Inspector in the Department of Public Health of the City of Scranton is an appointive office within the meaning of Article 6, §4, of the Constitution of Pennsylvania. If so, plaintiff is out of office having been removed in accordance with the following provision of the above section of the Constitution: "Appointed officers . . . may be removed at the pleasure of the power by which they shall have been appointed." On the other hand, if plaintiff as plumbing inspector was a subordinate municipal employee merely, he was under the civil service and his discharge was illegal because without just cause, and for failure of the city to comply with the Civil Service Acts of May 23, 1907, P. L. 206, §20, and of June 3, 1943, P. L. 826, §1, 53 PS §§9383, 10771, which prescribe procedures which must be observed. No charges were preferred against plaintiff and he was not given a hearing before dismissal by the tribunal created by the 1943 Act, 53 PS 10772.

The line of demarcation between an office, within the meaning of the Constitution, and an employment, is

not always readily discernible. And an enumeration by descriptive titles of those who have been classified as constitutional officers [1] on the one hand, and as subordinate ministerial agents or employees [2] on the other, is not particularly helpful. A sufficient number of cases have been noted in the margin to indicate that the title given to a public servant is little indication of the class to which he belongs, whether a public officer, or an employee merely. Of course the fact that the procedure of the Civil Service Acts was complied with in selecting plaintiff for the position cannot make him an employee if the position of plumbing inspector is actually a pub-

---

[1] Mercantile Appraisers in cities of the first class were held to be Constitutional officers in *Com. ex rel. v. Kelly et al.*, 322 Pa. 178, 185 A. 307; so also, a Borough Treasurer in *Com. ex rel. v. Hiltner*, 307 Pa. 343, 161 A. 323; the Treasurer of a School District of the third class, *Muir v. Madden*, 286 Pa. 233, 133 A. 226; the Chief of the Bureau of City Property in a city of the first class, *Arthur v. Philadelphia et al.*, 273 Pa. 419, 117 A. 269; a City Clerk in a third class city, *Com. ex rel. v. Likeley*, 267 Pa. 310, 110 A. 167; Registration Commissioners under the Act of July 24, 1913, P. L. 977, *Commonwealth v. Moore*, 266 Pa. 100, 109 A. 611; an Inspector of Weights and Measures (perhaps because of the importance of his duties historically) *Com. ex rel. Lowell v. Hoyt*, 254 Pa. 45, 98 A. 782; Real Estate Assessor in Philadelphia, *Richie v. Philadelphia*, 225 Pa. 511, 74 A. 430; Collector of Delinquent Taxes in Allegheny County, *Commonwealth v. Connor*, 207 Pa. 263, 56 A. 443; Collector Delinquent Taxes of the City of Philadelphia, *Houseman v. Commonwealth*, 100 Pa. 222; an Assistant Superintendent of Schools, *Foyle et al. v. Com. et al.*, 101 Pa. Superior Ct. 412; a Chief Deputy Sheriff, *Dewey v. Luzerne County*, 74 Pa. Superior Ct. 300.

[2] Included among those held to be employees (in addition to policemen, firemen, watchmen and the like, Cf. *Houseman v. Com.*, supra) not subject to summary dismissal are: a Medical Inspector of a third class school district, *Kosek v. Wilkes-Barre Twp. Sch. Dist.*, 314 Pa. 18, 170 A. 279, affirming 110 Pa. Superior Ct. 295, 168 A. 518; the Manager of the Electrical Bureau, Department of Public Safety, in a city of the first class, *Patton v. Philadelphia*, 273 Pa. 427, 117 A. 272; Foreman in charge of elevators in City Hall, Philadelphia, *Sailer v. Philadelphia*, 273 Pa. 424, 117 A. 271.

lic office; the Constitution cannot be abridged by statute. *Com. ex rel. Lowell v. Hoyt*, 254 Pa. 45, 53, 98 A. 782; *Arthur v. Philadelphia et al.*, 273 Pa. 419, 117 A. 269.

The question involves an inquiry into the quality and limits of the powers conferred. In these respects each case presents a distinct field of inquiry. Cf. Annotation—Distinction between Office and Employment, 140 A. L. R. 1076; 42 Am. Jur., Public Officers, Chap. III, p. 888. The rule indicating the tests to be applied has been thus stated: "In determining whether a position is an office or an employment, it is generally said that the 'question must be determined by a consideration of the nature of the service to be performed by the incumbent, and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer charged with them is clearly to be regarded as a public one': Richie v. Phila., [225 Pa. 511, 74 A. 430] at 515. Other elements in the problem are whether the duties are designated by statute, whether the incumbent serves for a fixed period, acts under oath, gives a bond, and the source or character of the compensation received": *Finley v. McNair*, 317 Pa. 278, 176 A. 10.

The Amendment of March 31, 1937, P. L. 168, §1, 53 PS 2559, under which plaintiff was appointed, provides: "The mayor of said cities is hereby authorized and required to appoint a practical plumber of at least ten years experience and not engaged or connected, directly or indirectly, with the plumbing business as plumbing inspector, whose duty it shall be to supervise, superintend, and inspect all plumbing, house and building drainage, in conformity with the provisions of this act. And the several cities are hereby authorized and required to make proper provision for the payment of the salary of the said plumbing inspector, as provided by law". Plumbers before starting work, except in mak-

ing repairs to leaking pipes, are required to submit construction plans and specifications for approval not to the plumbing inspector, but to the Department of Public Health. The plan for construction of a private sewer must be approved by the department and not by the plumbing inspector. A dispute between any person and the department "regarding the construction of plumbing" must be submitted to a designated board of three members for decision, and the plumbing inspector is not one of them. He does not have the authority to decide with finality any disputed question relating to plumbing construction. Cf. 1937 Amendment, supra, §1, 53 PS 2561, 2562, 2566, 2629. In its entirety the above plumbing code, with its amendments, indicates the duties of a plumbing inspector and the limits of his authority. Under the law he is required to inspect and to see to it that plumbing installations conform to the practices and standards prescribed by the Code and with the specifications filed with the department of health. A plumbing inspector exercises only administrative discretion and his duties do not involve any of the functions of government in their performance. Such inspector, unlike a public officer is not appointed for a definite term and his compensation is not fixed by law but by the municipality, and he is paid by the city. Cf. 53 PS 9361. The taking of a constitutional oath is not a necessary qualification after appointment and a bond in the present case was required only to insure an accounting for fees collected by the appointee on behalf of the health department. Plaintiff, as plumbing inspector, was a subordinate ministerial agent or employee of the Department of Public Health whose duties were no more than to police all plumbing work during the course of construction and to see to it that the standards of the Plumbing Code were properly observed. Hence plaintiff was an employee of the department and not a public officer in the City of Scranton. The additional duty imposed by city ordinance of in-

specting used and second-hand plumbing fixtures, prior to their re-sale, does not affect this conclusion. The plumbing inspector is still an administrative employee although it is his judgment which determines whether a second-hand fixture is safe and in proper condition for further use and sale and whether it conforms to established standards. Cf. *Scranton v. Hollenberg,* 152 Pa. Superior Ct. 138, 31 A. 2d 437.

The Civil Service Act applicable to the City of Scranton is the Act of May 23, 1907, supra, 53 PS 9361 et seq., superseded in part by the above Act of June 3, 1943, P. L. 826, 53 PS 10771. As a condition precedent to establishing civil service status in an action such as this, a valid appointment of the employee must appear. *Healey v. Jones et al.,* 152 Pa. Superior Ct. 18, 30 A. 2d 732. Title to the position de jure must be shown. *Detoro v. Pittston et al.,* 344 Pa. 254, 25 A. 2d 299. Strict compliance with the Civil Service Law is necessary; substantial compliance is not enough. *Detoro v. Pittston et al.,* 351 Pa. 178, 40 A. 2d 486.

Defendants' original return conceded plaintiff's proper appointment to the position and contested the writ only on the ground that he had been lawfully dismissed. Plaintiff, contending that his appointment was regular, had set forth in his petition for the writ, the following notice dated May 6, 1944, directed to him and signed by the Director of Public Health: "As a result of the examination . . . you are now advised of your appointment as Plumbing Inspector in the Department of Health, City of Scranton." By amendment to their return, defendants "denied that Dr. Frank P. Colizzo, the then Director of Public Health, had any power, right, or authority to appoint the petitioner and hence the petitioner was not legally and validly appointed to the office of Plumbing Inspector." This amendment misconstrued the writing which purported to be no more than notice to plaintiff that he had been appointed. There is nothing in plaintiff's petition which can be

construed as an averment that his appointment had been made by the Director. Hence, after having admitted the validity of the appointment, defendants could not properly deny it by inference, based solely on the fact that a city executive other than the mayor had given plaintiff notice of it. The record fully sustains our conclusion that paintiffs dismissal was contrary to law.

Order affirmed.