# Commonwealth ex rel., Appellant, *v.* Moore.

*Public officers—Increase of salary—Constitutional officers—Registration commissioners.*

1. Registration commissioners of cities of the second class are public officers, within the meaning of Section 13, Article III, of the Constitution of Pennsylvania, which prohibits the increase of salaries of public officers during their term of office. Such officers are not entitled to the benefit of the Act of July 19, 1917, P. L. 1108, which increases the salaries of registration commissioners in the cities of the second class.

2. Where the duties of the office are to be exercised for the benefit of the public, for a stipulated compensation, to be paid by the public, where the term is defined and the tenure certain, and where the powers, duties and emoluments, become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer, within the meaning of the Constitution.

*Constitutional law—Amendment of 1901—Registration commissioners.*

The amendment of 1901 of the Constitution, authorizing a change in the qualification of electors had no relation to the subject of compensation, or the power of the legislature to increase or diminish it. It only authorized the legislature to enact laws, regulating the registration of electors in cities.

Submitted Oct. 7, 1918.   Appeal, No. 151, April T., 1918, by petitioners, from judgment of C. P. Allegheny Co., Oct. T., 1917, No. 1245, sur demurrer to petition for alternative writ of mandamus, in favor of respondent, in the case of Commonwealth of Pennsylvania ex rel., L. R. Goshorn, David L. Lawrence, J. Scott Morgan and W. L. McCullaugh, Registration Commissioners for the City of Pittsburgh, v. John P. Moore, Controller of Allegheny County.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Petition for alternative writ of mandamus.   Before SWEARINGEN, J.

The petitioners were registration commissioners for the City of Pittsburgh, appointed in June, 1916, by the Governor, under the Personal Registration Act of 1913, P. L. 977, for a term of four years, which act fixed the salary at $2,000 per year.   By amendment to the act approved July 19, 1917, P. L. 1108, the salary was increased to $3,000 per year.

The respondent, John P. Moore, was the controller of Allegheny County.   The petitioners demanded an increase in salary, but the controller refused to sign and execute a warrant and furnish the same to the county commissioners for the salary, as requested.

On August 24, 1917, the commissioners filed a petition for an alternative writ of mandamus against the controller to compel him to issue a certificate, which would enable the appellants to obtain an increase of salary, as authorized by the legislature.

On September 7, 1917, the controller filed his return or answer, denying the right of the petitioners to the increase in salary, claiming that they were within the provisions of Section 13 of Article III of the Constitution of Pennsylvania, which prohibited an increase in salaries of public officers during their term of office.

On January 29, 1918, the petitioners filed a demurrer to the return, praying that a writ of peremptory manda-

mus issue. The court, in its opinion, overruled the demurrer and sustained the contention of the respondent. The petitioners appealed.

*Error assigned,* among others, was the order of the court overruling the demurrer and entering judgment in favor of the respondent.

*Charles A. Poth,* for appellants, cited: Commonwealth v. Weir, 165 Pa. 284; Commonwealth v. McCombs, 56 Pa. 436; Lloyd v. Smith, 176 Pa. 213; Commonwealth v. Mathues, 210 Pa. 372.

*John S. Weller,* for appellee, cited: Richie v. Philadelphia, 225 Pa. 511; Commonwealth v. Moffitt, 238 Pa. 255.

OPINION BY HENDERSON, J., April 21, 1919:

The appellants are registration commissioners of the City of Pittsburgh appointed by the governor July 16, 1916, for a term of four years under the provisions of the Act of 1913, P. L. 977. The act fixed the salary of such officers at $2,000 per year. By an amendment enacted in 1917, P. L. 1108, the salary was increased to $3,000 per annum. The question for consideration is whether the appellants are public officers within the meaning of Section 13 of Article III of the Constitution which prohibits the increase of salaries of public officers during their term of office. The learned judge of the court below being of the opinion that they were such public officers overruled the demurrer of the relators to the writ of the respondent and entered judgment in favor of the latter. It is contended by the appellants that the provision of the Constitution referred to does not apply to legislative officers created since the adoption of the Constitution, and that the legislature is given full power to increase the compensation of such officers. by the amendment of 1901 to the Constitution. It was

decided in Riehie v. Philadelphia, 225 Pa. 511, that the term "public officers" is not restricted merely to officers created by constitutional provisions but applies to officers who exercise important public duties, and the ruling in that case is a sufficient answer to the contention of the plaintiff that the constitutional provision only has reference to offices then in existence. The term, "public officers," is descriptive of many officials whose positions were created by legislation subsequently to the adoption of the Constitution. Where the duties of the office are to be exercised for the benefit of the public for a stipulated compensation to be paid by the public, where the term is definite and the tenure certain and where the powers, duties and emoluments become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer within the meaning of the Constitution: Richey v. Philadelphia, supra; Com. v. Moffit, 238 Pa. 255. The case of Com. v. McCombs, 56 Pa. 436, cited by the appellants, brought into consideration the ninth section of the sixth article of the Constitution then in force relating to the tenure of office. The article was held to be simply a condition of tenure and not a prohibition of anything which the legislature attempted to do by the Act of February, 1867, creating an assistant district attorney. The section here involved is prohibitory and applies to all public officers of the Commonwealth. If the appellants are public officers their case is within the prohibition of the Constitution. We have no doubt that they are such officers. They are appointed by the Governor for a definite term; they are authorized to appoint registrars for the election districts of the cities in which they are appointed; they supervise the work of these registrars; they pass on the qualifications of electors; they are required to keep a record of all their proceedings in permanent form; they make an annual report to the Governor and have power to administer oaths. Their

duties relate, therefore, to the determination of the right of the electors of the city to vote and to the maintenance of the purity of elections. It can hardly be contended that such duties are not of the highest character and intimately related to the stability of our form of government.

The amendment of 1901 of the Constitution authorizing a change in the qualification of electors had no relation to the subject of compensation or of the power of the legislature to increase or diminish it. It only authorized the legislature to enact laws regulating the registration of electors in cities.

The judgment is affirmed.