# Madara v. Commissioners of Northumberland Co., Appellants.

Argued October 27, 1925.   Appeal No. 84, October T., 1925, by appellants from judgment of C. P. Northumberland County, September T., 1924, No. 635, awarding compensation in the case of John Madara v. Commissioners of Northumberland County.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

OPINION BY PORTER, J., February 26, 1926:

---

# Lehman v. Commissioners of Northumberland Co., Appellants.

*Workmen's Compensation Law—County Commissioners—Bridges—Viewers—Relation of employer and employe within the meaning of the Workmen's Compensation Acts—Right to recover—Question of law.*

An award under the Workmen's Compensation Acts will be reversed, where it appeared that the claimant was regularly appointed by the court as a viewer to inspect a county bridge and the claimant, while proceeding to the site of the bridge in an automobile,

over which the Commissioners had no control, was injured when the chauffeur lost control of the automobile.

The Workmen's Compensation Act of 1915, P. L. 736, clearly indicates that it was the legislative intention that the relation of employer and employe within the meaning of that statute should arise only where there was a contract, either express or implied, of hiring.

When a county or municipal corporation, acting through the proper officers, is authorized to select the person who shall perform certain duties, to define the nature of the duties and fix his compensation, the person thus selected is an employe of the county or municipality within the meaning of the Workmen's Compensation Acts.

Viewers are appointed by the court in a judicial proceeding and neither the judge who makes the appointment nor the viewers selected are employes of the county.

Whether on the state of facts found the claimant was an employe of the county and injured while in the course of employment is a question of law and as such open to review.

Argued October 27, 1925. Appeal No. 83, October T., 1925, by defendants, from judgment of C. P. Northumberland County, September T., 1924, No. 634, in the case of George Lehman v. Commissioners of Northumberland County. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before STROUSS, P. J.

The facts are stated in the opinion of the Superior Court.

The court affirmed the decision of the Compensation Board. Defendant appealed.

*Error assigned* was, among others, the order of the court.

*Richard H. Klein,* and with him *M. H. Taggart* and *Harry S. Knight,* of *Knight and Taggart,* and *John H. Bridenbaugh,* for appellants.—It is a prerequisite to recovery under the Workmen's Com-

pensation Acts of Pennsylvania that a contract of hiring exist: Hill v. State Workmen's Ins. Fund, Vol. VIII of Pa. Workmen's Compensation Board's Decisions, 68; Green v. McCleman and Bro., Vol. VIII of Pa. Workmen's Compensation Board's Decisions, 232; Schnader and Storey's "Pa. Workmen's Compensation Law," Sec. 704, page 66; Freidel v. Central Press Co., Inc., 8 Dep. Rep. 1972; Reitmeyer v. Coxe Bros., 264 Pa., 372.

*Roger J. Dever,* for appellee.—The plaintiff was an employe of the county: McCarl v. Houston Boro., 263 Pa. 1; Minser v. Indiana County, 29 Dist. Repts. 121; Hauger v. Walker Co., 277 Pa. 506; Haddock v. Edgewater Steel Co., 263 Pa. 121; Tarr v. Hecla Coal & Coke Co., 265 Pa. 519.

OPINION BY PORTER, J., February 26, 1926:

The Commissioners of Northumberland County, having completed the re-construction of a county bridge across Moose Creek in Washington Township, said county, presented a petition to the Court of Quarter Sessions of said county to appoint suitable persons to inspect the bridge and the workmanship thereof as required by law, and make report to the said court. The court appointed George Lehman, the appellee, John Madara and M. J. Flynn, a surveyor, to view the said bridge, as prayed for. One of the viewers, Flynn, made an arrangement to meet the other viewers at Shamokin, from which place he was to take them in an automobile to the site of the bridge. The viewers were duly qualified to perform their duties by a justice of the peace, at Shamokin, and then started in the automobile upon their journey to the site of the bridge. They had proceeded some distance when the chauffeur lost control of the automobile, an accident occurred and the plaintiff was injured. The plaintiff

presented his petition to the Workmen's Compensation Board averring that at the time of the accident which caused his injuries he was employed by the Commissioners of Northumberland County, as a viewer to view a county bridge; that his injuries had prevented his working and praying that compensation be awarded. The referee after a hearing found that the appellee and the other parties named had been, on September 5, 1922, appointed by the Court of Quarter Sessions of Northumberland County as viewers to inspect the county bridge in question and make report according to law; that the viewers were notified of their appointment on September 29th; that they were directed to meet on the following day at Shamokin from whence they would be transported by automobile to said bridge; that the party was in charge of Flynn, "who by direction of the court and Commissioners of Northumberland County, arranged for their transportation to and from the construction to be viewed"; that the viewers did meet at Shamokin on September 30, 1922, where they boarded the automobile and proceeded about ten miles toward their destination, when the chauffeur lost control of the car and the several occupants were thrown from the car and all of them more or less injured; that at the time of the accident the viewers were acting within the scope of their employment; that the relation of employee and employer existed between them and the Commissioners of Northumberland County, and that the appellee was entitled to compensation, which was awarded. The Workmen's Compensation Board and the court below, respectively, dismissed appeals and affirmed the award of the referee, from which action we have this appeal by the Commissioners of Northumberland County.

The Workmen's Compensation Board and the court

below misconceived the nature of the proceeding in which this claimant was appointed as a viewer.

The commissioners of a county do not have a free hand in the matter of re-constructing county bridges which have for any reason become inadequate to serve the public needs. They must, before entering upon the work, first have the approval of the Court of Quarter Sessions and of the Grand Jury of the proper county, as we held in an opinion by our brother LINN, in re Wilkes-Barre Bridge, decided last July and not yet reported. It will hardly be contended that the judge of the Court of Quarter Sessions and the individual members of the Grand Jury are employees of the county, within the meaning of the Workmen's Compensation Acts of 1915 and 1919. When a bridge is completed either the contractor who has done the work or the County Commissioners may petition the Court of Quarter Sessions to appoint viewers to inspect the bridge and report to the court whether the bridge has been constructed in accordance with the specifications, or whether there are deficiencies therein and the amount which will be necessary to remedy the defects, but their report is subject to the approval of the court, and, even if the court approve the report, the contractor may file his declaration in the Common Pleas and is entitled to a jury trial. Whether the viewers have been appointed upon the petition of the County Commissioners or of the contractor, the proceeding is one at law, and to it the Commissioners are made the parties to represent the county. The whole proceeding is for the benefit of the public, is conducted in the Court of Quarter Sessions, and under its supervision, and the important function performed by the county is to pay the cost of construction under the report of the viewers when approved by the court. The effect of these provisions of the statute is to impose limitations on the power of the Commissioners, as well as

the citizens with whom they contract; Lehigh County
v. Kleckner, 5 W. & S. 181; Broomall's Appeal, 75 Pa.
173; Childs v. Crawford County, 176 Pa. 139. It must
be kept in mind that while townships are required to
open roads in obedience to the decree of the Court of
Quarter Sessions and subsequently keep them in re-
pair, and that while counties may undertake to dis-
charge said duties, the title to the roads and bridges
so constructed is really in the Commonwealth, which
may at any time by proper legislative enactment take
the direct control of such highways and bridges and
prevent the interposition of the townships and coun-
ties in any management thereof. The Commonwealth
has in the matter of the building and rebuilding of
county bridges reserved to itself the supervision of
such proceedings through its courts. The statutes
providing for the appointment of viewers to inspect
county bridges clearly indicate that it is the duty of
the court to appoint only impartial persons. Instead
of providing that disputed questions of fact should
be tried by a jury, the legislature saw fit, in these pro-
ceedings, to enact that the inspection of the bridges
should be made by viewers, who should act impartial-
ly and determine the rights of the parties without any
attempt to influence them by either County Commis-
sioners or contractors. The viewers are selected by
the court and they perform an important function in
connection with a judicial proceeding. It is true that
the statutes provide that the viewers shall be paid a
specific sum per day and mileage at a rate definitely
stated, but that is not significant. The county is re-
quired to pay for services exacted by the public in
which, as a county, it has no interest whatever. Thus
it is required to pay the viewers appointed to lay out
township roads, to establish the division lines between
townships and, most important of all, the jurors who
serve in the several courts of the county. The county

is required to pay the costs in many criminal cases, but it certainly cannot be said that the witnesses in criminal cases are employees of the county.

In the present case, the proposition, whether there is evidence to sustain the findings that the claimant was, or was not, doing certain things when injured, is one of law which may be reviewed to the extent only of deciding whether there is such evidence in the record; but, if the evidence appears, the findings thereon are of fact, and are not subject to review. Whether, on the state of facts found, he was an employee of the county and injured while in the course of his employment, is a question of law, and, as such, open to review; Callihan v. Montgomery, 272 Pa. 62. There was no competent evidence to warrant the finding of the referee that "the party was in charge of M. J. Flynn, a civil engineer, who by direction of the court and Commissioners of Northumberland County, arranged for their transportation to and from the construction to be viewed". Flynn when called as a witness testified that he had arranged for the automobile and was then asked, "Q. Are you authorized to do that? A. Yes, sir, in this way: we must get to the work and that was the only means of transportation". Yet when further questioned he admitted that if it would cost the viewers $30.00 for transportation they were only allowed five cents a mile; and if it cost them only $1.00 they were allowed the same sum. The viewers in such a case are required to meet at the bridge to be viewed, how they get there is a matter that they must arrange for themselves. The law definitely fixes the amount that they are to be paid per day and the mileage which they are to receive. There is not a scintilla of evidence that the Commissioners or any other persons authorized to represent the county undertook to convey these viewers to the bridge in an automobile provided by the county. The finding of the above

quoted fact by the referee cannot be sustained. It would be manifestly improper for the County Commissioners to pay to such viewers any compensation not expressly authorized by statute. If the County Commissioners had agreed to pay these viewers the mileage fixed by law and, in addition, to hire an automobile at the expense of the county for the purpose of transporting them to the bridge, it must have been ground for setting aside the report of the viewers.

The important point in this case, however, is, was this appellant, upon the facts found by the referee, an employee of the County of Northumberland? The Workmen's Compensation Act of 1915, P. L. 736, clearly indicates that it was the legislative intention that the relation of employer and employee, within the meaning of that statute, should arise only where there was contract, either express or implied, of hiring. This implies that the employer has the right to select, either at large or from a class, the employee, and that the employee shall have the right to accept or decline the employment. When a county or municipal corporation, acting through the proper officers, is authorized to select the person who shall perform certain duties, to define the nature of the duties and fix his compensation, as in the case of a borough policeman, the person thus selected is an employee of the county or the municipality, as the case may be, within the meaning of the Workmen's Compensation Acts; McCarl v. Houston Boro., 263 Pa. 3. The appellants had no voice in the selection of these viewers to inspect this county bridge. The viewers were appointed by the court in a judicial proceeding, the law required that they should be impartial and neither of the parties to the litigation could lawfully make any contract with them. Had the viewers been appointed upon the petition of the contractor in this case, it certainly could not be contended that the contractor

was the employer of the viewers, although under the provisions of the statute he might be required, by the court, to pay into the county treasury a sum equal to the amount which the county had paid as the cost of the proceeding. The proceeding was one at law, as is clearly established by the authorities hereinbefore cited, in the tribunal to which jurisdiction is given by the statute to determine the rights of the litigants. In such a proceeding neither the judge who makes the appointment nor the viewers whom he selects are employees either of the county or of the contractor who has built the bridge. The assignments of error are sustained.

The judgment of the court below and the award of the Compensation Board are reversed, and judgment is here entered for the defendant.