## Members of Legislature—Appointment to Public Office.

*Public officers—Administrative officers—Trustees of State institutions— Appointment of members of the legislature such trustees—Constitutional law —Acts of June 7, 1923, P. L. 498, and April 13, 1927 (Act No. 164).*

1. Under the Constitution of Pennsylvania, art. ii, § 6, the Governor has no power to appoint members of the general assembly to membership on departmental administrative boards or commissions or advisory boards or commissions of the State government.

2. As boards of trustees of State institutions are departmental administrative boards, members of the general assembly cannot validly be appointed to membership on them.

3. Members of departmental administrative boards or commissions or advisory boards or commissions of the State government are "civil officers" within the meaning of article ii, section 6, of the Constitution, which reads: "No senator or representative shall, during the term for which he shall have been elected, be appointed to any civil office under the Commonwealth . . ."

Department of Justice. Opinion to Hon. John S. Fisher, Governor of the Comonwealth.

SCHNADER, Special Dep. Att'y-Gen., June 7, 1927.—We have your request to be advised whether the Constitution permits you to appoint members of the legislature as members of departmental administrative boards or commissions or advisory boards or commissions of the State government, and particularly whether you may appoint members of the legislature to membership on boards of trustees of State institutions.

Article II, section 6, of the Constitution provides that: "No senator · or representative shall during the time for which he shall have been elected be appointed to any civil office under this Commonwealth. . . ."

Obviously, the only question involved in your inquiry is whether the members of departmental administrative boards and commissions and of advisory boards and commissions of the State government are civil officers within the meaning of the provision of the Constitution just quoted.

The Administrative Code of 1923 (Act of June 7, 1923, P. L. 498), as amended by the Act of April 13, 1927 (Act No. 164), is the statute under which the Governor is authorized to appoint the members of all departmental administrative boards and commissions and advisory boards and commissions of the State government. Boards of trustees of State institutions are departmental administrative boards, and it will, therefore, not be necessary in this opinion to make separate mention of them.

### Members of Legislature—Appointment to Public Office.

Section 206 of the Administrative Code provides for the appointment by the Governor, with the advice and consent of two-thirds of all the members of the Senate, of the members of all departmental administrative boards and commissions and of all advisory boards and commissions, "except as in this act otherwise provided." An examination of the remaining sections of the act discloses the fact that all of the exceptions are cases in which persons become members of boards and commissions *ex officio* or are appointed by authorities other than the Governor. It appears, therefore, that section 206 of the Code covers every case of an appointment by the Governor of a member of a departmental administrative board or commission or of an advisory board or commission.

All of the Governor's appointees to membership on the boards and commissions under discussion are appointed for definite terms. Their terms are fixed either by section 207 of the Administrative Code or by the sections of article IV which deal with the organization of the several boards and commissions respectively.

The powers and duties of members of all of these boards and commissions are definitely prescribed in the Administrative Code. It will not be necessary to consider these powers and duties in detail, but, in view of the fact that your inquiry particularly mentions the boards of trustees of State institutions, we call attention to the fact that the powers and duties of members of these boards of trustees are prescribed by sections 1311 and 2019 of the Administrative Code. Both sections give to the boards of trustees of State institutions the "general direction and control of the property and management" of the institutions over which they respectively have jurisdiction, and specifically the power to elect superintendents, to appoint all officers and employees who may be necessary for the work of the respective institutions, and to fix the compensation of such officers and employees in conformity with the standards established by the executive board.

Members of certain departmental administrative boards and commissions are compensated for the time which they devote to their public duties. Members of other such boards and commissions serve without compensation, but are entitled to the expenses which they incur in performing the duties imposed upon them by law.

All members of these boards and commissions are obliged, before entering upon the performance of their duties, to take and subscribe the constitutional oath of office which must be filed in the office of the Secretary of the Commonwealth. Section 218 of the Administrative Code, which imposes this requirement, uses the expression, "All persons appointed by the Governor under the provisions of this act . . . shall, before entering upon the duties of *their offices,* take and subscribe the constitutional oath of office. . . ."

It appears, therefore, that the members of all departmental administrative boards and commissions and of all advisory boards and commissions appointed by the Governor are appointed for definite terms, with or without compensation, receive the expenses incurred by them in the performance of their duties, have their powers and duties specifically conferred and imposed upon them by statutory law, and are referred to as persons holding "offices" who must take and subscribe the constitutional oath of office.

The Administrative Code, as a whole, deals with the conduct of the executive and administrative work of the Commonwealth. Clearly, the members of the several boards and commissions to which your inquiry refers exercise a part of the sovereignty of the Commonwealth of Pennsylvania in the executive field of the Commonwealth's activities.

Were there no authority to guide us, we would have no difficulty in reaching the conclusion that members of departmental administrative boards and commissions and of advisory boards and commissions appointed under the provisions of the Administrative Code, as amended, hold "civil offices under this Commonwealth;" and this conclusion is amply justified by all of the precedents afforded both by the decisions of our courts and the opinions of former Attorneys-General.

Attorney-General Carson, on July 31, 1903, rendered an opinion, in which he discussed the proper definition of a "civil office under this Commonwealth." He referred to a number of definitions of "public officer," and reached the conclusion that "public office" involves the idea of tenure, duration, fees, emoluments and powers as well as that of duty, and "implies an authority to exercise some portion of the sovereign power of the State, either in making or in executing the laws:" Factory Inspector's Lawyer, 12 Dist. R. 587; 28 Pa. C. C. Reps. 369.

In Com. ex rel. v. Murphey, 11 Dist. R. 361, 25 Pa. C. C. Reps. 637, Judge Weand, of the Court of Common Pleas of Montgomery County, quoted, among others, the following definition from Tiedman on Municipal Corporations: "The word 'office' embraces a more or less permanent delegation of a portion of governmental power, coupled with legally-defined duties and privileges, continuous in their nature, and which, upon the death, resignation or removal of the incumbent, devolve on his successor."

Continuing, Judge Weand said: "The thought running through every definition of an officer is that he shall perform some service of, or some duty to, the Government, State or municipal corporation and not merely to those who appoint or elect him. His tenure must be defined, fixed and certain and not arise out of mere contract of employment."

In 46 Pa. C. C. Reps. 530 appears an opinion of the Attorney-General holding that a fish warden is a civil officer under the Commonwealth, and that, therefore, a member of the legislature cannot be appointed as such. See, also, opinion of Deputy Attorney-General Brown, in Common Pleas Judgeship, 4 D. & C. 408.

While there are no decisions of the appellate courts of this Commonwealth dealing expressly with the meaning of "civil office under this Commonwealth," as used in article II, section 6, of the Constitution, there are a number of relevant definitions of "public officer," to which we shall refer briefly.

In Com. v. Moffitt, 238 Pa. 255, Mr. Justice Mestrezat, in holding that a poor director is a public officer, said, at page 263: "He is selected by the people to perform certain imposed duties and exercise certain prescribed powers in the government of the State or the municipal division thereof for which he is chosen. His office is administered for the benefit of the public, and to the extent of the powers conferred by law he exercises the functions of government."

In Tucker's Appeal, 271 Pa. 462, Mr. Justice Kephart quoted with approval the language used in Com. v. Moffitt, and held that county commissioners, when acting as overseers and directors of the poor under an act of assembly, are "public officers." See, also, Com. v. Moore, 266 Pa. 100; Dewey v. Luzerne County, 74 Pa. Superior Ct. 300, and Com. v. Moore, 71 Pa. Superior Ct. 365.

Every essential element necessary to constitute one a public officer is present in the case of members of departmental administrative boards and commissions and of advisory boards and commissions appointed under the provisions of the Administrative Code, except that in certain instances the members, while entitled to receive their expenses, are not compensated for the services

which they render.  It is our opinion that the presence or absence of this element is inconsequential in cases in which appointees serve for definite terms, perform only those duties and exercise only those powers prescribed and conferred by statutory law, and are compelled, before beginning their terms of service, to take, subscribe and file the constitutional oath of office.

Accordingly, you are advised that the Constitution of this Commonwealth forbids the appointment of members of the general assembly to membership on departmental administrative boards or commissions or advisory boards or commissions of the State government.  As boards of trustees of State institutions are departmental administrative boards, members of the general assembly cannot validly be appointed to membership on them.

From C. P. Addams, Harrisburg, Pa.