From George Ross Eshleman, Lancaster, Pa.

## Lewis v. Adamson, Controller.

*Public officers—Viewers—Increase in salary—Constitutional law.*

A viewer is a public officer, and his compensation cannot be increased after his appointment or election.

Petition for alternative mandamus. C. P. Schuylkill Co., July T., 1927, No. 780.

*J. E. Sones,* for petitioner; *Henry Houch,* for respondent.

BERGER, J., Nov. 28, 1927.—In this petition for a writ of alternative mandamus against William R. Adamson, county controller, all irregularities in pleading have been waived by the parties, and it has been agreed in writing that the sole question to be determined is whether the plaintiff, a member of the Board of Viewers of Schuylkill County, duly appointed by the court on Jan. 4, 1926, agreeably to the Act of June 23, 1911, P. L. 1123, and its supplements, is entitled to the *per diem* compensation and mileage, as each was increased after his appointment over the compensation fixed by the Amendatory Act of June 5, 1919, P. L. 393, by the Supplemental Act of March 29, 1927 (No. 50), P. L. 72, reading as follows:

"Section 1. Be it enacted, etc., That each member of the board of viewers, in counties of the fourth class, appointed pursuant to the provisions of the act of assembly of which this is a supplement, shall hereafter receive and be paid, out of the treasury of the proper county, the sum of ten (10) cents per mile for each mile actually and necessarily traveled by him in the performance of the duties of his office, and each member of the said board of viewers shall receive and be paid, out of the treasury of the proper county, the sum of twelve dollars ($12.00) per day for each day actually and necessarily spent by him in the performance of the duties of his office. The same shall be paid monthly, under such conditions as to verification of time of employment as may be prescribed by the rules and regulations which shall be made in that behalf by the courts of the respective counties."

The Act of 1911 provides for a permanent board of view to be appointed by the court in counties of the fourth class, consisting of not less than three nor more than nine members, from which the court shall appoint three, one of whom shall be learned in the law, on presentation of a petition praying the appointment of viewers, reviewers or re-reviewers, or of a jury of view, or of a road jury, or of commissioners of view, or of any person or body, under any designation, for the purpose of viewing, laying out, opening, grading, altering, widening, vacating or constructing of roads, streets, highways, sewers or bridges; or for the assessment of damages and benefits occasioned by such laying out, opening, grading, altering, widening, vacating and constructing of roads, streets, highways, sewers or bridges; or occasioned by an appropriation of land by municipalities and of other corporations having the power of eminent domain. It further provides that records filed by any board of view shall have the same force and effect as records filed under laws then existing, by viewers, reviewers, re-reviewers, or juries of view, or road juries,

or commissioners of view, and for appeals from the action of any board of view, and exceptions thereto. Each member of the board of viewers must be at least twenty-five years of age, a freeholder and qualified elector of the county in which he is appointed, with five years' residence therein immediately prior to his appointment, and must not be engaged in any other public employment of profit. Upon ceasing to have any of these qualifications, the office of any such viewer becomes vacant immediately. Viewers are appointed for a term of three years, and when vacancies occur, they are filled by appointment of the court in order that the board of view may be a continuous body, and [the viewers] are entitled to a compensation fixed by law, payable out of the county treasury. This detailed reference to the Act of 1911 is made for the purpose of showing the duties of viewers in order to lay ground for determining whether or not they are public officers.

The defendant has refused to pay the viewers the increased compensation fixed by the Act of 1927, because of his contention that that increase, if allowed to viewers appointed prior to the passage of the act, would be violative of article III, section 13, of the Constitution of Pennsylvania, providing as follows: "No law shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment." In Lehman v. Northumberland County Comm'rs, 87 Pa. Superior Ct. 440, it was held that a person appointed as a viewer to inspect a bridge, pursuant to section 39 of the Act of June 13, 1836, P. L. 551, and injured in the discharge of his duties as a viewer, was not an employee of the county so as to confer upon him the benefits of the Workmen's Compensation Act, but that he was a public officer. Section 39 of the Act of 1836 provides for the appointment of six fit persons by the Court of Quarter Sessions for the inspection of every bridge erected by the county commissioners, who shall make report (§§ 40-41) to the court either approving or disapproving of the bridge, and if disapproving thereof, report also what deduction, in their judgment, ought to be made from the contract price, whereupon, by subsequent proceedings in court, the amount to be paid by the county commissioners to the contractor for the erection of the bridge is determined. In the case just cited, the Court of Quarter Sessions of Northumberland County, upon a petition to appoint suitable persons to inspect a county bridge upon its completion, appointed three viewers to perform that duty, and evidently selected them from a board of view created under the Act of 1911, pursuant to the language contained in section 5 thereof, authorizing the appointment "of any person or body, under any designation, for the purpose of viewing . . . bridges." In our opinion, therefore, the case of Lehman v. Northumberland County Comm'rs determined that a viewer is a public officer. Moreover, members of the board of view fall within the definition of a public officer as defined in Com. ex rel. v. Moore, 71 Pa. Superior Ct. 365, 368, thus: "Where the duties of the office are to be exercised for the benefit of the public for a stipulated compensation to be paid by the public, where the term is defined and the tenure certain, and where the powers, duties and emoluments become vested in a successor when the office becomes vacant, it can confidently be affirmed that the occupant of the place is a public officer within the meaning of the Constitution." See, also, Dewey v. Luzerne County, 74 Pa. Superior Ct. 300; Richie v. Philadelphia, 225 Pa. 511; Com. ex rel. v. Likeley, 267 Pa. 310; Tucker's Appeal, 271 Pa. 462; Com. v. Kelley, 19 Schuyl. Legal Rec. 266. Therefore, payment to the plaintiff of the bill presented to the county controller for his approval June 23, 1927, for compensation for his services as a viewer at the rates fixed by the Act of March 29, 1927, is prohibited by the constitutional provision against the increase of a public officer's salary after his appointment or election.

Lewis v. Adamson, Controller.

The petition is dismissed at the cost of the petitioner, and writ of alternative mandamus (if the rule to show cause heretofore issued can be so regarded) is hereby quashed and superseded.

From M. M. Burke, Shenandoah, Pa.