Kosek *v.* Wilkes-Barre Township School District, Appellant.

Argued March 7, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*James M. Stack,* for appellant.—Ritchie v. Philadelphia, 225 Pa. 511; Commonwealth v. Miller, 94 Superior Ct. 499; Foyle et al. v. Commonwealth et al., 101 Superior Ct. 412.

*Felix W. Bolowicz,* for appellee.

Opinion by James, J., October 2, 1933:

This is a suit in assumpsit to recover a balance of salary claimed from a third-class school district by its medical inspector, who had been dismissed from service before the conclusion of the term for which he had been appointed. The plaintiff, who was a duly licensed physician for more than two years prior to his appointment, was appointed medical inspector at a salary of $150 per month, at a meeting of the board of directors of the defendant school district held August 31, 1929, for a period of ten months commencing September 23, 1929. The plaintiff performed the duties of his appointment until December 15, 1929, when, pursuant to a resolution of the board of school directors, adopted December 11, 1929, without notice or cause, he was dismissed from service. Plaintiff performed the duties and services as medical inspector for the

months of September, October and November, 1929 and held himself in readiness to perform the duties of his appointment during the remaining period of his contract and now claims for the salary for the remaining seven months, a total of $1,050.

By agreement of counsel, the suit was tried before Honorable W. ALFRED VALENTINE, without a jury. At the conclusion of plaintiff's testimony defendant rested, moving for judgment upon the ground that under the law plaintiff was an appointed officer, removable at the pleasure of the appointing power.

By opinion filed the trial Judge entered judgment for the plaintiff and against the defendant in the sum of $1,050, to which exceptions were filed and were later dismissed by the court en banc and judgment finally entered for plaintiff for the full amount, from which judgment this appeal is taken.

We have concluded that the law applicable to the facts in the present case can not be better or more tersely stated than in the following excerpt from the opinion of the court below, to which we have added some supplemental comments.

"This case involves the single, but not simple, question of law whether the plaintiff was an appointed public officer, removable at pleasure, under Article 6, Section 4, of the State Constitution, or whether he was merely an employee or petty officer under contract with the defendant school district.

"The appointment of medical inspectors by school districts is provided for by Section 1501 of the School Code as follows: 'Every school district of the first, second or third class in this Commonwealth shall annually provide medical inspection of all the pupils of its public schools by proper medical inspectors to be appointed by the board of school directors of the school district in sufficient number to conduct the required inspection in conformity with the standard re-

quirements prescribed by the Commissioner of Health for the medical inspection of schools in such district. Such medical inspection shall be made in the presence of the parent or guardian of the pupil, when so requested by parent or guardian.'

"Section 1505 of the Code makes it the duty of such inspectors to at least once each year inspect and carefully test and examine all pupils in the public schools of their districts, giving special attention to defective sight, hearing, teeth, or other disabilities and defects specified by the Commissioner of Health; and to make such additional inspections and examinations as shall be provided for by the Commissioner of Health, the principal, or the district superintendent of schools.

"A written report is required to be made to the teacher, principal or district superintendent as directed by the board of school directors concerning all pupils found in need of medical or surgical attention.

"Section 1506 of the Code makes it the duty of the medical inspector at least once each year, to make a careful examination of all privies, waterclosets, urinals, cellars, the water supply and drinking vessels and utensils, and such additional examinations of the sanitary conditions of the school buildings as are deemed necessary, or as the regulations of the State Department of Health, or the rules of the board of school directors or of the local board of health require.

"In Foyle v. Commonwealth, 101 Pa. Superior Ct. 412, at page 416, Judge GAWTHROP, in the course of a well considered opinion, said: 'There is a well recognized and definite distinction between an office and an employment, although it is not always easy to determine whether a person is an employee or an officer. The general rule is that a position is a public office when it is created by law, with duties cast on the incumbent which involve an exercise of some portion of the sovereign power and in the performance of which the public

is concerned, and which also are continuing in their nature and not occasional or intermittent; while a public employment, on the other hand, is a position which lacks one or more of these elements: 22 R. C. L., Sec. 12, p. 381. In Re Op. of Judges, 3 Me., 481, it is stated: 'There is a manifest difference between an office and an employment under the government. We apprehend that the term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office; and the exercise of such power within legal limits constitutes the correct discharge of the duties of such office. The power thus delegated and possessed may be a portion belonging sometimes to one of the three great departments, and sometimes to another; still it is a legal power, which may be rightfully exercised, and, in its effects, it will bind the rights of others, and be subject to revision and correction only according to the standing laws of the State. An employment, merely, has none of these distinguishing features.' See also cases cited in 20 C. J., p. 1244, note 72 (b). The most important characteristic which distinguishes an office from an employment or contract, is that the creation and conferring of an office involve a delegation to the individual of some of the sovereign functions of government, to be exercised by him for the benefit of the public. Unless the powers conferred are of this nature, the individual is not a public officer: State v. Jennings, 57 Ohio St. 415, 424; 49 N. E. 404.

"The question whether the holder of a public position is to be regarded as a public officer 'must be determined by a consideration of the nature of the service to be performed by the incumbent and of the duties imposed upon him, and whenever it appears that those duties are of a grave and important character, involving in the proper performance of them some of the functions of government, the officer

charged with them is clearly to be regarded as a public one ...... It is no doubt true that there are many persons engaged in the public service in subordinate positions exercising functions of such an inferior character that they could not be properly considered public officers within the meaning of the Constitution; this much is indicated in Com. v. Black, 201 Pa. 433, (50 A. 1008), and Houseman v. Com., 100 Pa. 222, in the latter of which the court expressed the opinion that policemen, firemen, watchmen and superintendents of public property under the orders of the municipal department were subordinate ministerial agents or employes, at the most, petty officers ...... subject to appointment and removal according to legislative regulation. Where, however, the officer exercises important public duties and has delegated to him some of the functions of government and his office is for a fixed term, and the powers, duties and emoluments become vested in a successor when the office becomes vacant; such an official may properly be called a public officer. The powers and duties attached to the position manifest its character': Richie v. Phila., 225 Pa. 511, (74 A. 430). See also Dewey v. Luzerne Co., 74 Pa. Superior Ct. 300; Com. ex rel. v. Moore, 71 Pa. Superior Ct. 365; Lehman v. Northumberland Co. Com., 87 Pa. Superior Ct. 440.

"We do not think it can be said that a medical inspector has delegated to him any of the functions of government, but regard him as falling within the category of policeman, fireman, watchman, and kindred officials or employes. He takes no oath of office, files no bond and is subject to the orders of the school principal, the superintendent of schools and the Commissioner of Health. He is not within the same class as the secretary of the board—Howell v. Keeler, 5 D. & C. 90—and unlike the secretary exercises no functions of the government.

"To constitute a public office, it is essential that certain independent public duties, a part of the sovereignty of the State, should be appointed to it by law, to be exercised by the incumbent in virtue of his election or appointment to the office thus created and defined, and not as a mere employe subject to the direction and control of someone else: State v. Jennings, 49 N. E. (Ohio) 404; Richie v. Philadelphia, 225 Pa. 512, (74 A. 430); Georges Township School Directors, 286 Pa. 129, (133 A. 223) at page 133." The conclusion reached was that plaintiff was not an "appointed public officer" removable at pleasure under Article 6, Section 4, of the State Constitution, and that judgment should be entered for the plaintiff.

In the very able argument of appellant's counsel much emphasis has been placed upon the case of Foyle v. Commonwealth, 101 Pa. Superior Ct. 412, as being decisive of the question involved. In that case it was held that an assistant county superintendent of schools is a public officer as distinguished from an employee and is not within the operations of the Workmen's Compensation Act. As pointed out in the opinion, his minimum salary is fixed by act of assembly, he takes and subscribes to an oath, receives a commission, and can not be removed by any method other than that provided by the act of assembly. In addition, the manner of his appointment is specifically provided for by the act of assembly. As pointed out by Judge GAWTHROP in the above case (p. 422), "the Workmen's Compensation Act clearly indicates that it was the legislative intention that the relation of employer and employe, within the meaning of the statute, should arise only where there was a contract, either express or implied, of hiring. The status of an assistant county superintendent of schools does not result from a contract of hiring between him and the Commonwealth or between him and the county, as that phrase is com-

monly understood." In the present case the status of the medical inspector arises directly from a contract of hiring between him and the school district. The salary of the medical inspector is fixed by the employer, no commission is issued, no oath is taken, and the appointment is made at the discretion of the board, of either a legally qualified physician having at least two years experience in the practice of his profession or a health officer of a municipality. True it is that the duties of the medical inspector involve judgment, intelligence, discretion and technical and "medical knowledge" but they involve no relationship to the exercise on his part of what is ordinarily designated as a governmental function. Undoubtedly the care of public health, particularly the health of school children, is a subject matter of general concern and is the exercise of a governmental function just as the fighting of fires through fire departments and the protection of life and property through police departments, yet we are not convinced that one charged with medical inspections is other than an employe of the political division that employs him.

Counsel for appellant also emphasizes the case of Scibilia v. Phila., 279 Pa. 549, 124 A. 273, in support of his position. Although it was held in that case that the City of Philadelphia, in the performance of its public duty of collecting refuse and ashes, was performing a purely public function and was not liable for injuries sustained through its employes, it did not decide that those employes in carrying on a public function of collecting refuse and ashes were public officers within the meaning of the constitution.

This precise question has not been decided by any opinion in our courts. In 46 C. J. 926, are listed decisions from most of the states of the Union and the finding of the forms of public employment where the incumbent was held to be a public officer and where

the incumbent was held not to be a public officer. Of the many decisions therein listed, the only two having any bearing on the form of employment in this case are Conolly v. Craft, 205 App. Div. N. Y. 583, where a city health officer was held not a public officer, and Middleton v. Miller Co., 134 Ark. 514, where a county health officer was held not a public officer.

Judgment affirmed.