## Commonwealth v. Dougherty

*Isidor Ostroff*, for Commonwealth.
*William A. Schnader*, for defendant.

PER CURIAM, April 26, 1941.—Defendant demurs to a suggestion for a writ of quo warranto to oust him from the office of Registration Commissioner for the City and County of Philadelphia.

The suggestion avers that on August 7, 1940, Governor James appointed defendant to his present office under the authority of the Act of March 30, 1937, P. L. 115, but that this appointment contravened article IV, sec. 8, of the State Constitution and section 4 of the Act of June 27, 1939, P. L. 1198, because defendant was not a "soldier" within the meaning of the àct.

Section 4 of the Act of 1939, supra, 51 PS §491.4 provides:

"Whenever any soldier possesses the requisite qualifications and is eligible to appointment to a public position where no civil service examination is required, the ap-

pointing power in making an appointment to a public position shall give preference to such soldier."

Section 1 of the Act of 1939, supra, 51 PS §491.1, defines "soldier" as one "who served in the military or naval service of the United States during any war in which the United States was engaged and who has an honorable discharge from such service".

The suggestion states that there are many duly-qualified electors of Philadelphia County, lawfully enrolled as members of the Democratic Party and holding certificates of honorable discharge showing that they served in the military or naval service of the United States during the World War, all of whom possess the moral and physical qualifications necessary to discharge properly the duties of registration commissioner, and that such persons were entitled to be preferred for appointment over Dougherty, who is not a "soldier" within the meaning of the act.

Defendant's demurrer challenges the applicability of the act to the office of registration commissioner and, if applicable, denies its constitutionality under article III, sec. 7, and article IV, sec. 8, of the State Constitution as well as under the Fourteenth Amendment to the Federal Constitution.

1. Defendant contends that, as used in the act, the phrase "public position" must be construed to include only that public employment which is, for the most part, merely ministerial in nature. It is urged that the quoted section has no application to the holder of a "public office", a higher type of governmental service involving the exercise of discretion, policy making and, perhaps, quasi-judicial functions. The office of registration commissioner, of course, falls into the latter category. Seeking to bolster this contention, defendant points out that the term "public office" is used only in the last paragraph of section 4 of the act, providing for permissive preferment to a "soldier" who has passed a civil service examination although his name is not on the list of eligibles.

Whatever may be the intrinsic merit of defendant's distinction had the legislature chosen to create such a

classification, we do not believe that the present act so provides. The words "position", "office", and "employment" have been frequently defined and discussed by our appellate courts and it appears that the term "public position" is a broad one which includes both a "public office" and a "public employment": Finely v. McNair, 317 Pa. 278, 281 (1935); Kosek v. Wilkes-Barre Township School District, 110 Pa. Superior Ct. 295, 299 (1933). Further, an examination of the entire act reveals clearly the legislative purpose to apply the statutory preference to all appointive public offices. Moreover, the inference which defendant would have us draw from the use of the term "public office" in the last paragraph of section 4 is sufficiently rebutted by the use of the words "such position" interchangeably in the same sentence. The applicability of the act cannot be successfully challenged.

2. More important is the question whether the suggestion for the writ furnishes the foundation for any action by this court.

Section 4 provides a mandatory preference to a "soldier" when (1) he possesses the "requisite qualifications", and (2) "is eligible to appointment". To be eligible for appointment as registration commissioner, all that is required is that a person be a "qualified elector" of the city and be an enrolled member of the political party for which a vacancy exists: Act of March 30, 1937, P. L. 115, sec. 3, 25 PS §623-3. No other "requisite qualifications" for the office are laid down in the act. Under these circumstances, it is evident that the determination as to whether or not a particular person possesses the qualifications necessary to discharge properly the duties of the office of registration commissioner is largely left within the discretion of the Governor.

This court has no power to review or overthrow the action of the Governor in such a matter: Hartranft's Appeal, 85 Pa. 433 (1877). Under our State Constitution, the Governor is the appointing power (article IV, sec. 8) and not the courts. And although the qualifica-

tions of statutory officers may be fixed by the legislature, where these qualifications, as here, have been left almost absolutely to the discretion of the appointing power, it is evident that the court cannot assume to review the exercise of that discretion. It would serve no useful purpose to repeat here the full discussions on both sides of this question in Hartranft's Appeal, supra. No process of this court can issue upon this suggestion.

Since this disposes of the case, we do not discuss the question of the constitutionality of the provision.

### Order

And now, April 26, 1941, defendant's demurrer to the suggestion for a writ of quo warranto hereby is sustained and judgment accordingly is entered in favor of defendant.