## Appointment to Pennsylvania Turnpike Commission

RUBENDALL, Deputy Attorney General, August 24, 1953.—You have requested to be advised whether a member of the General Assembly is eligible at this time for appointment as a member of the Pennsylvania Turnpike Commission.

This question was passed upon by formal opinion no. 267, dated November 29, 1938, rendered to Gov. George H. Earle and written by Attorney General Guy K. Bard and Assistant Deputy Attorney General George W. Keitel. That opinion held that "a member of the present General Assembly may not be appointed as a member of the Pennsylvania Turnpike Commission until his term of office as senator or representative shall have expired". Qualification of Turnpike Commissioners, 34 D. & C. 45.

This opinion was based on article II, sec. 6, of the Pennsylvania Constitution which provides that:

"No Senator or Representative shall, during the time for which he shall have been elected, be appointed to any civil office under this Commonwealth, . . ."

This opinion was in accord with numerous opinions holding the office of member of the General Assembly

incompatible with other civil offices under the Commonwealth. Some of these opinions and the offices in question are as follows: Assistant County Superintendents of Schools, 27 D. & C. 128; Official Opinions, 1917-18, p. 527: Fish warden; Common Pleas Judgeships, 4 D. & C. 408; Official Opinions, 1921-22, p. 34. Notary public; Official Opinions, 1909-10, p. 247: Superintendent of Construction; Informal opinion no. 1287: Member, Building and Loan Board; Informal opinion no. 889: Member, county board of assistance; Informal opinion no. 611: Member, State Veterans' Commission; Informal opinion no. 570: Deputy Athletic Commissioner; Informal, Wel. F. F. 36; Treasurer, Board of Trustees, State Industrial Home for Women.

The determining question in every case is whether the office is a "civil office under this Commonwealth". The word "office" connotes a function charged with some degree of executive responsibility, and involves the exercise of discretion in the performance of the holder's duties.

In Commonwealth ex rel. v. Murphey, 25 Pa. C. C. 637, 639 (1901), it is stated:

"The thought running through every definition of an officer is that he shall perform some service or owe some duty to the government, state or municipal corporation, and not merely to those who appoint or elect him. His tenure must be defined, fixed and certain, and not arise out of mere contract of employment."

In an opinion found in Official Opinions, 1903-1904, p. 226, Attorney General Hampton L. Carson stated (at p. 229):

". . . an office consists of a right to exercise a public funtion or employment, and to take the fees and emoluments belonging to it. It involves the idea of tenure, duration, fees, the emoluments and powers, as well as

that of duty, and it implies an authority to exercise some portion of the sovereign power of the State either in making, administering or executing the laws."

There can be little question that a turnpike commissioner fits this definition of an officer. He serves for a definite term at a salary fixed by law. He administers the law relating to the operation of the turnpike, and his appointment is subject to confirmation by the Senate.

However, since the Pennsylvania Turnpike Commission is in certain respects separate and apart from the State government generally in that its finances are independent of those of the State government and its obligations are not a debt of the Commonwealth, it may be contended that its commissioners, although clearly officers, are not officers of the Commonwealth.

The answer to this contention is found in the act creating the Turnpike Commission, the Act of May 21, 1937, P. L. 774. Section 4 thereof provides that: "The Commission is hereby constituted an instrumentality of the Commonwealth", exercising powers which "shall be deemed and held to be an essential governmental function of the Commonwealth." Our courts have upheld this description of the nature of this body. In House et al. v. Pennsylvania Turnpike Commission, 45 D. & C. 677, 681 (1942) it is stated:

"We conclude that the Pennsylvania Turnpike Commission is a quasi-public corporation and, as such, is an instrumentality of the Commonwealth engaged in the performance of a particular governmental function. In this respect it resembles a school district. . . ."

The Pennsylvania Turnpike Commission is a body of the type commonly referred to and frequently called an authority. In Commonwealth ex rel. McCreary v. Major, 343 Pa. 355 (1941), the Pennsylvania Supreme

Court held that the members of an authority are public officers, saying (at p. 358):

"That a member of the Board of the Authority is a public officer cannot seriously be questioned. 'To constitute a public office, it is essential that certain independent public duties, a part of the sovereignty of the State, should be appointed to it by law, to be exercised by the incumbent in virtue of his election or appointment to the office thus created and defined . . .': Kosek v. Wilkes-Barre Twp. Sch. Dist., 110 Pa. Superior Ct. 295, 301. Thus, since the Authority is an agency of the Commonwealth (Tranter v. Allegheny Co. Authority, 316 Pa. 65, 78), and the members of the Board of the Authority, who, by virtue of their appointment, independently perform essential governmental functions, they are public officers."

From the foregoing it is clear that a member of the Pennsylvania Turnpike Commission is a civil officer under the Commonwealth and a member of the present General Assembly may not be appointed to that office "during the time for which he shall be elected". The language of article II, sec. 6, of the Constitution leaves no doubt that the prohibition of that section applies whether or not a member of the General Assembly should resign. As stated in the formal opinion of Deputy Attorney General J. W. Brown to Governor Gifford Pinchot, Official Opinion, 1923-1924, pp. 173, 177:

"Resignation of a Senator or Representative can make no difference, for neither can by any act of his own nullify the plain wording and intent of the Constitution and change and shorten the time fixed by that instrument in which he shall be ineligible for appointment to civil office."

It should be pointed out that the interdiction of article II, sec. 6, is against appointments of members of the General Assembly to civil offices under the Com-

monwealth and does not apply to positions where the appointee is a mere employe. This distinction was early recognized in a formal opinion by Attorney General Hampton L. Carson, Official Opinions, 1903-1904, pp. 226, 230, wherein it is stated:

"An employe is one who receives no certificate of appointment, takes no oath of office, has no term or tenure of office, discharges no duties and exercises no powers depending directly on the authority of law, but simply performs such duties as are required of him by the persons employing him, and whose responsibility is limited by them, and this, too, although the person so employing him is a public officer, and his employment is in and about a public work or business."

Subsequent opinions of this department have reiterated this distinction and have held that a member of the General Assembly could be appointed as a public employe during the time for which he shall be elected. Some of these are as follows: Watershed Inspectors, 21 Dist. R112: Official Opinions, 1919-20, p. 358: Clerk, Game Commission; Informal opinion no. 914: Administrative officer, Unemployment Compensation Division.

Based upon the foregoing, it is our opinion, and you are accordingly advised that:

(a) A member of the present General Assembly may not be appointed as a member of the Pennsylvania Turnpike Commission until his term of office as senator or representative shall have expired.

(b) The resignation of a member of the General Assembly will not make him eligible for appointment to a civil office under the Commonwealth during the time for which he has been elected.

(c) A member of the General Assembly may be appointed as an employe of the Commonwealth during the time for which he has been elected.